IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DILLION PARKS, JR.,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No.   CIV-05-906-F |
| **JO ANNE B. BARNHART,** **Commissioner of the Social Security Administration,** | ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for re-entitlement to child's disability insurance benefits (CDIB) under 42 U.S.C. §402(d)(6) and §202(d)(6) of the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed his application for re-entitlement to CDIB on June 11, 1999 (TR. 17).  The lengthy procedural history of Plaintiff's claim is detailed in the ALJ's decision (TR. 14-17). By decision dated November 18, 2004 the Appeals Council remanded Plaintiff's case to an Administrative Law Judge (ALJ) for a new hearing and to provide the claimant and his representative the opportunity to submit additional evidence (TR. 119-121).  Plaintiff waived his right to appear in person at the hearing, therefore, the ALJ made his decision based upon the evidence of record (TR. 124, 17). The ALJ issued his decision on February 22, 2005 finding that Plaintiff was barred from re-entitlement to CDIB (TR. 14-21). The Appeals Council denied the

Plaintiff's request for review on June 13, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 6-9).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

Entitlement to CDIB is governed by 42 U.S.C. §402(d) and 20 C.F.R. §404.350 which require that an applicant be the insured person's child or dependent; that the applicant be unmarried; and that an applicant 18 years of age or older have a disability which began before the applicant became 22 years old. Re-entitlement to CDIB is governed by 42 U.S.C. §402(d)(6) and 20 C.F.R. §404.351 which provide that if entitlement to CDIB has ended an applicant may be re-entitled if unmarried.

In his decision the ALJ found that Plaintiff was the insured person's child; that Plaintiff was disabled before attaining the age of 22; and that Plaintiff was previously awarded benefits which terminated in May 1979 secondary to the performance of substantial gainful activity (TR. 20). The

ALJ also found that Plaintiff married his wife on October 8, 1979; and that she continued to be disabled by burns with an onset date in 1967 (TR. 20, 123). The ALJ determined that Plaintiff was barred from re-entitlement to CDIB because he married after his benefits ended (TR. 20).

On appeal to this Court, Plaintiff alleges that the ALJ erred in finding that Plaintiff was not re-entitled to CDIB because of his marriage (See Plaintiff's Brief at pages 10-11 and Reply Brief at pages 1-4).

Plaintiff argues that his marriage to a person entitled to disability insurance benefits should not bar his own re-entitlement. 20 C.F.R. §404.352(b)(2) provides in pertinent part that entitlement to benefits ends when "You marry. Your benefits will not end, however, if you are age 18 or older, disabled, and you marry a person entitled to ...disability benefits..."

The Commissioner argues that any remarriage, whether it be to a beneficiary or non-beneficiary of disability benefits, operates to bar re-entitlement. *McMahon v. Califano*, 605 F.2d 49 (2nd Cir. 1979). The *McMahon* case relied upon by the Commissioner, is quite different from the case at bar. In *McMahon* the claimant seeking and ultimately denied re-entitlement was the widow of a person who did not receive social security disability benefits. *McMahon* at p. 50. The McMahon court examined the legislative history of §402(d)(6) and reasoned that

> Although there is no specific mention of the proviso in the re-entitlement section, Congress reasonably could have concluded that after marriage a child no longer would be dependent upon his parents, but instead would turn to his spouse for support. Should the spouse die, it also is reasonable to assume that the surviving spouse would rely on savings or benefits derived from the deceased spouse and not revert to depending on his parents for support. Even though this basic assumption may not be valid in all cases, Congress clearly has the Power to legislate on the basis of reasonable general assumptions.

*McMahon* at p. 53 (*Quoting Califano v. Jobst*, 434 U.S. 47, 50-52 ((1977)).

Indeed, the basic assumption is likely invalid in this re-entitlement case since Plaintiff's spouse is also receiving disability benefits. As argued by Plaintiff's counsel, this case is teeming with equities in favor of Plaintiff.

In 1958, Congress amended §402(d)(5) to provide that marriage would not terminate a child's disability benefit if the child married a person who was also entitled to benefits under the Social Security Act. A similar dispensation was granted to widows, widowers, divorced wives, and parents. In each case the secondary benefit survives a marriage to another beneficiary, but any other marriage -- even to a disabled person unable to provide the beneficiary with support -- is a terminating event unaffected by the 1958 amendment. *Califano v. Jobst*, 434 U.S. 47, 51 (1977).

Congress clearly failed to amend §402(d)(6) when given the opportunity to do so in 1958. Accordingly, the exception given CDIB recipients married to a disabled spouse for the purpose of entitlement or continued entitlement has not been extended for the purpose of re-entitlement. In this case as in *McMahon* the statutory language is sufficiently clear to determine the Congressional purpose and the plain meaning of the statute also comports with the general purpose of the statute. *McMahon* at p. 52.

Thus, the ALJ correctly concluded that Plaintiff's marriage served to bar his re-entitlement to CDIB.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 24th day of July, 2006.

*[signature]*

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE